# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 3, 2018

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: |
| v. | Grand Jury Original |
| EPHRAIM HIZON GARCIA and GANDHI RAJ, | 18 U.S.C. § 201(b) (Bribery) |
| Defendants. | 18 U.S.C. § 201(c) (Illegal Gratuities) |
| | 18 U.S.C. § 2 (Aiding and Abetting, Causing an Act to be Done) |
| | 41 U.S.C. §§ 8702, 8707 (Kickbacks) |
| | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (Criminal Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times material to this Indictment, unless otherwise stated:

1. The United States maintained and operated a military base in Kuwait, known as Camp Arifjan. The United States Army was responsible for base operations at Camp Arifjan.

2. Defendant EPHRAIM HIZON GARCIA ("GARCIA") was a civilian employee of the U.S. Army's Directorate of Public Works ("DPW") stationed at Camp Arifjan from approximately 2007 until 2016. GARCIA had resided in Kuwait since approximately 2000.

3. During his time with DPW, GARCIA was involved in the solicitation, award, and management of certain government contracts related to, among other things, heating, ventilation, and air conditioning ("HVAC") projects at Camp Arifjan.

1

4. In or about 2011, the United States Army awarded a contract ("Prime Contract") to a corporation based in Colorado Springs, Colorado ("Prime Contractor") to provide support services at Camp Arifjan. The Prime Contract was known as the Kuwait Base Operations Security Support Services ("K-BOSSS") contract.

5. Gulf Link Venture Co. ("Gulf Link") was a Kuwait-based subcontractor that bid for projects under the Prime Contract, including HVAC projects at Camp Arifjan. Defendant GANDHI RAJ was the Chief Executive Officer and owner of Gulf Link.

6. In or about September 2015, GARCIA approached an employee of the Prime Contractor ("Prime Contractor Employee") and offered to pay him in exchange for his assistance in steering subcontracts to Gulf Link.

7. Specifically, GARCIA told the Prime Contractor Employee that, in exchange for his assistance in ensuring that Gulf Link won the subcontracts, Gulf Link would artificially inflate the cost of certain of its bid proposals by between 14 and 25 percent, and GARCIA, Gulf Link, and the Prime Contractor Employee would split the proceeds. GARCIA further told the Prime Contractor Employee that he needed to "be careful" and not put the money he would receive into his bank account.

8. From in or about 2010 through in or about 2015, members of GARCIA's immediate family received in their bank accounts in excess of sixty wire transfers of funds originating in Kuwait, totaling more than $170,000, including multiple wire transfers that were sent by RAJ and other employees of Gulf Link, and by employees of Subcontractor #2, another Kuwait-based subcontractor that also bid for projects under the Prime Contract.

9. During this same time period, GARCIA was involved in reviewing bid proposals submitted by Gulf Link and Subcontractor #2, and took action on those proposals, including by developing cost estimates, performing technical reviews, and scoring the proposals.

10. In particular, in or about May 2013, GARCIA reviewed bids from subcontractors in connection with Contract #W912D1-13-P-0023, which was for the installation of six HVAC units at Camp Arifjan. GARCIA improperly disqualified one of the bidders that had submitted a proposal that was lower priced than Gulf Link, resulting in the improper award of the contract to Gulf Link.

11. Many of the acts referred to in this Indictment were committed in Kuwait, outside the jurisdiction of any particular state or district of the United States. Garcia is not in custody and his last place of residence in the United States is unknown; therefore, pursuant to Title 18, United States Code, Section 3238, venue in the United States District Court for the District of Columbia is proper for trial of the offenses alleged in this indictment.

## COUNT ONE
## Offering a Bribe
## (18 U.S.C. § 201(b) and 2)

12. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if set out in full.

13. In or around September 2015, in Kuwait, Defendant GARCIA corruptly offered and promised something of value to Prime Contractor Employee, a public official, with intent to influence an official act, and with intent to influence Prime Contractor Employee to commit and aid in committing, and collude in, and allow, a fraud, and make opportunity for the commission of any fraud, on the United States, and with intent to induce Prime Contractor Employee to do or omit to do any act in violation of the lawful duty of Prime Contractor Employee; that is,

Defendant GARCIA corruptly offered and promised a share of the illicit gain from improperly awarding contracts to Gulf Link outside of the legitimate, competitive bidding process to Prime Contractor Employee, to the detriment of the United States.

All in violation of Title 18, United States Code, Sections 201(b)(1) and 2.

## COUNT TWO
### Receiving Illegal Gratuities
### (18 U.S.C. §§ 201(c) and 2)

14. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if set out in full.

15. Between in or about 2010 through in or about 2015, in Kuwait, Defendant GARCIA, being a public official, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly demanded, sought, received, accepted, and agreed to receive and accept something of value personally for and because of an official act performed and to be performed by him; that is, he received, indirectly through members of his immediate family, approximately $90,000 from RAJ and other individuals associated with Gulf Link and Subcontractor #2, for and because of his actions in reviewing and scoring bid proposals submitted by those subcontractors.

All in violation of Title 18, United States Code, Sections 201(c)(1) and 2.

## COUNT THREE
### Paying Illegal Gratuities
### (18 U.S.C. §§ 201(c) and 2)

16. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if set out in full.

17. Between in or about 2012 through in or about 2015, in Kuwait, Defendant RAJ, otherwise than as provided by law for the proper discharge of official duties, directly and

indirectly gave, offered, and promised something of value to GARCIA, a public official, for and because of an official act performed and to be performed by GARCIA; that is, RAJ and others acting under his direction gave, indirectly through members of GARCIA's immediate family, approximately $62,000 to GARCIA, for and because of GARCIA's actions in reviewing and scoring bid proposals submitted by Gulf Link.

All in violation of Title 18, United States Code, Sections 201(c)(1) and 2.

## COUNT FOUR
### Kickbacks
### (41 U.S.C. §§ 8702, 8707; 18 U.S.C. § 2)

18. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if set out in full.

19. In or around September 2015, in Kuwait, Defendant GARCIA knowingly and willfully provided, attempted to provide, and offered to provide a kickback; that is, GARCIA offered to provide to Prime Contractor Employee money to improperly obtain and reward favorable treatment in connection with the Prime Contract and subcontracts relating to the Prime Contract.

All in violation of Title 41, United States Code, Sections 8702 and 8707, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

20. The General Allegations and the allegations of Count Two are re-alleged and incorporated fully herein by reference for the purpose of alleging forfeiture to the United States of America of certain property in which Defendant GARCIA has an interest.

21. Upon conviction of the offense alleged in Count Two of this Indictment, Defendant GARCIA shall forfeit to the United States any property, real or personal, which

constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

22. The property subject to forfeiture includes, but is not limited to, approximately $90,000 which represents a sum of money derived from the commission of the illegal gratuities offense alleged in Count Two of this Indictment.

23. If any of the property described above, as a result of any act or omission of Defendant GARCIA

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the above forfeitable property, and in addition, to require the defendant to return any such property to the jurisdiction of the Court for seizure and forfeiture.

//

//

//

//

//

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

_____
Foreperson

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By: _____
Christopher D. Jackson
Trial Attorney, Fraud Section