IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EPHRAIM HIZON GARCIA<br><br>     **Defendant.** | CRIMINAL NO. 18-CR-377 (APM) |

**STATEMENT OF THE OFFENSE**

Pursuant to Federal Rule of Criminal Procedure 11, the United States, by and through its undersigned attorneys, and EPHRAIM HIZON GARCIA ("**GARCIA**"), with the concurrence of his attorney, David Benowitz, Esq., stipulate and agree that the following facts fairly and accurately describe **GARCIA's** conduct in the offenses to which he is pleading guilty. These facts do not constitute all of the facts known to the parties concerning the charged offenses and related conduct. This statement is being submitted to demonstrate that sufficient facts exist to establish that **GARCIA** committed the offenses to which he is pleading guilty. **GARCIA** knowingly, voluntarily, and truthfully admits to the facts set forth below.

**I. Maximum Penalties**

As to Count One, a violation of 18 U.S.C. § 371 carries a maximum sentence of 5 years of imprisonment; a fine not to exceed the greater of $250,000 pursuant to 18 U.S.C. § 3571(b)(3) or twice the gross gain or loss from the offense pursuant to 18 U.S.C. § 3571(d); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

As to Count Two, a violation of 41 U.S.C. §§ 8702 and 8707 carries a maximum sentence of 10 years of imprisonment; a fine not to exceed the greater of $250,000 pursuant to 18 U.S.C.

§ 3571(b)(3) or twice the gross gain or loss from the offense pursuant to 18 U.S.C. § 3571(d); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II.    Elements of the Offense

As to Count One, the elements of the charged offense, a violation of 18 U.S.C. § 371, are:

1) The defendant knowingly and intentionally combined, conspired, confederated, and agreed with another person;

2) To commit an offense against the United States, namely, to knowingly and willfully provide, attempt to provide, and offer to provide a kickback; and

3) At least one overt act was committed in furtherance of the agreement.

As to Count Two, the elements of the charged offense, a violation of 41 U.S.C. §§ 8702 and 8707, are:

1) The defendant knowingly and willfully provided, attempted to provide, and offered to provide;

2) A kickback, namely, any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind that is provided to a prime contractor, prime contractor employee, subcontractor, or subcontractor employee to improperly obtain or reward favorable treatment in connection with a prime contract or a subcontract relating to a prime contract.

## III.   Brief Statement of Facts

1. The United States maintained and operated a military base in Kuwait, known as Camp Arifjan. The United States Army was responsible for base operations at Camp Arifjan.

2. **GARCIA** was a civilian employee of the U.S. Army's Directorate of Public Works ("DPW") stationed at Camp Arifjan from approximately 2007 until 2016. **GARCIA** had resided in Kuwait since approximately 2000.

3. During his time with DPW, **GARCIA** was involved in the solicitation, award, and management of certain government contracts related to, among other things, heating, ventilation, and air conditioning ("HVAC") projects at Camp Arifjan.

4. In or around 2011, the United States Army awarded a contract ("Prime Contract") to a corporation based in Colorado Springs, Colorado ("Prime Contractor") to provide support services at Camp Arifjan. The Prime Contract was known as the Kuwait Base Operations Security Support Services ("K-BOSSS") contract.

5. Gulf Link Venture Co. W.L.L. ("Gulf Link") was a Kuwait-based subcontractor that bid for projects under the Prime Contract, including HVAC projects at Camp Arifjan. Co-conspirator **GANDHIRAJ SANKARALINGAM a/k/a GANDHI RAJ ("SANKARALINGAM")** was the General Manager and co-owner of Gulf Link. **SANKARALINGAM** and **GARCIA** had known each other since at least 2005, and at various times communicated about projects or potential projects on U.S. military installations in Kuwait, including projects under the Prime Contract.

6. In or around late August to early September 2015, **GARCIA**, acting in concert and having conspired with **SANKARALINGAM**, approached an employee of the Prime Contractor ("Prime Contractor Employee") at an Olive Garden restaurant, located in Mahboula, Kuwait and off-base from Camp Arifjan, and offered to pay him in exchange for his assistance in steering subcontracts to Gulf Link. Specifically, **GARCIA** and **SANKARALINGAM** stated that they wanted Gulf Link to be awarded certain subcontracts relating to lifecycle replacement of HVAC

systems in Zone 6 at Camp Arifjan, and suggested that **SANKARALINGAM**, acting on behalf of Gulf Link, was willing to pay the Prime Contractor Employee for his assistance in facilitating the award of subcontracts to Gulf Link. The aggregate value of the subcontracts to replace all the HVAC systems in Zone 6, assuming the contracts had been awarded, is estimated to have been approximately $3,023,057.57.

7. In or around early September 2015, **GARCIA** approached the Prime Contractor Employee and told him that, in exchange for his assistance in ensuring that Gulf Link won these and other subcontracts, Gulf Link would artificially inflate the cost of the subcontracts by between 14 and 25 percent, and **GARCIA**, **SANKARALINGAM**, and the Prime Contractor Employee would split the illicit proceeds. **GARCIA** further told the Prime Contractor Employee that he needed to "be careful" and not put the money he would receive into his bank account because "that's the first place they check."

8. On or about September 2, 2015, **SANKARALINGAM** caused an employee of Gulf Link to send an unsolicited email to the Prime Contractor Employee (at his personal, non-work-related email address) and attached two redacted bid proposals that Gulf Link had prepared in connection with two upcoming projects at Camp Arifjan, so as to enable the Prime Contractor Employee to identify Gulf Link's proposals from among those the Prime Contractor received since bid proposals were ordinarily redacted to ensure an independent and unbiased evaluation.

9. **GARCIA** was arrested and first brought to the District of Columbia on or about December 12, 2019.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By: _____

Christopher D. Jackson
Matthew F. Sullivan
Trial Attorneys

## DEFENDANT'S ACCEPTANCE

I have read the foregoing Statement of Offense, and I have discussed it fully with my attorney, David Benowitz. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: Jul 19, 2021

_____
Ephraim Hizon Garcia
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's statement of offense related to my client's guilty plea. I have reviewed the entire proffer with my client, Ephraim Hizon Garcia, and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 7/19/21

_____
David Benowitz
Attorney for Defendant